## In re Anonymous No. 45 D.B. 80

Disciplinary Board Docket no 45 D.B. 80.

The following Hearing Committee Report and
recommendation was adopted by the
Disciplinary Board

## SUMMARY

This is a case where respondent is charged by the
Office of Disciplinary Counsel with various viola-
tions of the Code of Professional Responsibility
stemming from two cases handled by respondent.
In both cases respondent was guilty of extreme ne-
glect and delay. In the [A] divorce he neglected for
over seven months to have a complaint reinstated
and served. In the [B] case after being paid, he
failed to pursue a parental termination and adop-
tion matter for over 20 months, at which time he
returned the file to the client. The committee rec-
ommends private reprimand by the Disciplinary
Board.

## STATEMENT OF CASE

Respondent is [Anonymous], who is admitted to practice law in the Commonwealth of Pennsylvania and has an office at [ ] Street, [ ], [ ] County, Pa. [ ].

A copy of the petition filed by the Office of Disciplinary Counsel was duly served upon respondent on August 11, 1980, at his office.

No appearance was filed on behalf of respondent nor was any answer filed. The charges were deemed at issue pursuant to Pennsylvania Rules of Disciplinary Enforcement 208(b)(3) and the Secretary referred the petition for discipline to the hearing committee [ ] on September 5, 1980.

Due notice of the hearing of the committee scheduled for October 21, 1980, at 11:00 a.m. at [ ] Street, [ ] [ ] Building, [ ] Floor, [ ], Pa. was given to respondent.

At the hearing held on October 21, 1980, all committee members were present. The Office of Disciplinary Counsel, petitioner, was represented by [ ] and [ ] Respondent was present, but not represented by counsel.

The petition charges respondent with various violations of Disciplinary Rules of the Code of Professional Responsibility stemming from two different incidents. The first incident ([A] charge) involves a divorce case where respondent represented plaintiff, [A]. Service on defendant, who lived out of state, was attempted several different times by respondent through registered mail. Service was finally obtained more than 30 days after the original complaint had been reinstated without first having the complaint reinstated a second time. This oversight on the part of respondent went unnoticed until the court observed it upon review-

ing the master's report. This was called to the attention of respondent in July of 1979; however, he failed to take steps to correct this error until March 25, 1980, There was a stipulation between the parties as to the foregoing. Paragraph 17 of the petition alleging false representations and statements was withdrawn by petitioner at the hearing, page 16 of transcript.

The second incident ([B]) involves the failure of respondent to diligently pursue a parental termination and an adoption matter.

Respondent was contacted in August of 1978 by [B] to institute an action to terminate the parental rights of [B]'s ex-husband as to her son, [C] and to initate adoption proceedings. At the request of respondent, [B] paid him $200 in September and October of 1978. In September of 1978 respondent prepared a petition for termination of parental rights which was executed by [B]. In January of 1979, [B] and her husband, with [B]'s son, moved out of state. In spite of numerous letters, phone calls and personal contacts by [B], respondent did not move forward with the termination and adoption matters. On March 29, 1980, [B] discharged respondent and requested return of her file and the fee she paid respondent. The file was not returned until July 17, 1980, after respondent learned of the fact that [B] had lodged a complaint with the Office of Disciplinary Counsel against him. The foregoing facts were stipulated to between the parties. There was testimony at the hearing on October 21, 1980, that just a few days before that, the $200 had been returned to [B].

Both parties indicated that they would not be filing briefs.

Petition alleges violation by the respondent of the following Disciplinary Rules:

| [A] Charge: | [B] Charge: |
|---|---|
| D.R. 1-102(A)(4) | D.R. 1-102(A)(4) |
| D.R. 6-101(A)(3) | D.R. 1-102(A)(6) |
| D.R. 7-101(A)(1) | D.R. 2-110(A)(3) |
| D.R. 7-101(A)(2) | D.R. 6-101(A)(3) |
| D.R. 7-102(A)(5) | D.R. 7-101(A)(1) |
| | D.R. 7-101(A)(2) |
| | D.R. 7-102(A)(5) |
| | D.R. 9-102(B)(4) |

The committee concludes as to the [A] charges, respondent violated D.R.6-101(A)(3). As to the other alleged violations under the [A] charge, the committee finds in favor of respondent.

As to the [B] charge, the committee concludes that respondent violated D.R. 6-101(A)(3), D.R. 2-110(A)(3), and D.R. 9-102(B)(4); as to the other alleged violations, the committee finds in favor of respondent.

## FINDINGS OF FACT

(1) That respondent, [Anonymous], Esq., is an attorney admitted to practice law in the Commonwealth of Pennsylvania with his office located at [ ] Street, [ ], [ ] County, Pa [ ].

### [A] Charge

(2) That in December 1978, respondent instituted a divorce action for [A] in [ ] County docketed to No. [ ]of 1978.

(3) That respondent as plaintiff's attorney made several attempts to serve [A's] husband (hereinafter the defendant), who resided in Maryland, by registered mail.

(4) Defendant was served on April 24, 1979 with the complaint which had been reinstated more than 30 days prior thereto.

(5) This defect in service: to wit, the service of a

complaint more than 30 days after reinstatement, was not noticed until the court was reviewing the master's report in July of 1979.

(6) The defective service was called to the attention of respondent by the master in either July or August of 1979

(7) Respondent, after being so advised by the master, took no action to inquire about or remedy the defective service until March 25, 1980.

(8) The proper service of the complaint was achieved on March 28, 1980, and the decree of divorce was entered on April 7, 1980.

(9) That plaintiff, [A], and her mother, contacted respondent's office many different times in an effort to get a result or an answer as to why plaintiff's divorce was not concluded.

## [B] Charge

(10) That in or about August of 1978 respondent was retained by [B] to institute legal action to terminate the parental rights of [B]'s ex-husband as to the natural child of that previous marriage, [C] and to institute adoption proceedings whereby [B] and her present husband would adopt [C].

(11) Respondent requested a fee of $200 to prosecute the adoption proceedings and the parental rights termination petition, and said fee was paid in full during September and October of 1978.

(12) That at the time of respondent's retention, [B] provided him with all the information she had as to the whereabouts of her ex-husband, including his last known address, and all other information necessary for initiating the adoption and parental termination proceedings.

(13) That on or about September 25, 1978, respondent had prepared a petition for the termination of the parental rights of [B's] ex-husband, and [B] had executed said petition.

(14) In January of 1979 [B and her husband] moved to their present address in [ ]. Respondent's office was notified, by both telephone and letter of [B's] new address.

(15) That in or about February of 1980 [B] visited respondent to inquire about the status of the parental termination and adoption proceedings.

(16) That at the noted meeting in February, 1980 respondent further informed [B] that he would attempt to obtain a court date within one week, but that respondent subsequently did not attempt to secure such a court date or to proceed in any other manner with the adoption or involuntary termination matters.

(17) That at no time since August of 1978 did respondent initiate any adoption proceedings on behalf of [B and her husband], nor did he at any time initiate proceedings for the termination of the parental rights of [B]'s ex-husband.

(18) That by letter of March 29, 1980, [B] discharged respondent from representation in these matters and requested return of her file.

(19) That respondent did not comply with the March 29, 1980 request until July 17, 1980, after respondent had been notified by the Office of Disciplinary Counsel of a complaint having been lodged in this matter.

(20) That on or about July 17, 1980 respondent stated to [B] by telephone that he would return her files and previously paid fees to her.

(21) That on July 17, 1980 respondent did return [B]'s files to her but did not refund the previously paid fees.

(22) That by letter of July 25, 1980 [B] again requested return of her previously paid fees.

(23) The $200 paid by [B] was returned to her by respondent by the time of the hearing.

## Prior Admonition

(24) That on April 4, 1978, respondent, [ ] received an informal admonition from Chief Disciplinary Counsel for conduct which was found to be in violation of D.R. 1-102(A)(4), 1-102(A)(6), and 6-101(A)(3) of the Code of Professional Responsibility. (Case Identification No. [ ]).

(25) That on April 18, 1979, respondent, [ ] received an informal admonition from Chief Disciplinary Counsel for conduct which was found to be in violation of D.R. 1-102(A)(4), 1-102(A)(6), and 6-101(A)(3) of the Code of Professional Responsibility. (Case Identification No. [ ]).

(26) That on April 18, 1979, respondent, [ ] received an informal admonition from Chief Disciplinary Counsel for conduct which was found to be in violation of D.R. 1-102(A)(4), 1-102(A)(6), and 6-101(A)(3) of the Code of Professional Responsibility. (Case Identification No. [ ]).

(27) That on April 18, 1979 respondent, [ ] received an informal admonition from Chief Disciplinary Counsel for conduct which was found to be in violation of D.R. 6-101(A)(3) of the Code of Professional Responsibility. (Case Identification No. [ ]).

## Mitigation

(28) During the time frame of the charges in question respondent had serious personal problems, to wit:

(a) His wife underwent serious cancer surgery.
(b) He and his wife were separated then divorced.
(c) His law partnership was dissolved.

## DISCUSSION

Respondent is charged with violating D.R. 6-101(A)(3), a lawyer shall not neglect a legal matter entrusted to him, in both the [A] case and the [B] case. The committee is of the opinion that respondent violated this rule in both cases.

In the [A] divorce case he took from July or August of 1979 to March 25, 1980 to reinstate the complaint and bring this matter to a final conclusion. What he should have done in August, but put off until late March of 1980, was indeed, a simple and easy task. Respondent should not have delayed reinstating the complaint for at least seven months. During this seven-month period it appears that he was, or his office was, getting frequent and periodic reminder phone calls from his client. Certainly he should have been aware of her anxiety. This was neglect on the part of respondent.

Respondent was paid by [B] in September and October 1978, to handle a parental termination and an adoption matter. From September 1978 until July 17, 1980 when he returned the file, respondent did nothing for [B]. This failure to act on the part of respondent was in spite of the fact that [B] regularly contacted his office by letter, by phone and in person.

Respondent offered no excuse for the delay in either of these two cases.

D.R. 1-102(A)(4), a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation. There was no evidence that respondent acted dishonestly, lied or misrepresented. Counsel for the Office of Disciplinary Counsel withdrew allegation #17 which charged respondent was lying.

D.R. 7-101(A)(1), a lawyer shall not intentionally

fail to seek the lawful objectives of his client through reasonably available means permitted by law. The committee is of the opinion that this rule applied to none of the facts as presented.

D.R. 7-101(A)(2), a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services. There was no evidence presented that respondent intentionally failed to carry out his contract of employment with either [A] or [B].

D.R. 7-102(A)(5), in his representation of a client, a lawyer shall not: knowingly make a false statement of law or fact. There is no evidence that respondent made a false statement of law or fact. He may have stated to [B] that "he would try to get a court date within a week" (p. 24), but this is hardly a false statement of fact.

D.R. 1-102(A)(6), a lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law. The committee is of the opinion that respondent did not violate this rule.

D.R. 2-110(A)(3, a lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned. The committee finds that respondent violated this Disciplinary Rule. [B] requested the return of her file on March 29, 1980. At that time any unearned portion of the fee should have been returned. The fee was not returned until sometime in October 1980, just before the hearing. This is hardly prompt return of the fee as required by the rule.

D.R. 9-102(B)(4), a lawyer shall promptly pay or deliver to the client as requested by a client the funds, securities, or other property in the possession of the lawyer which the client is entitled to receive. The committee finds that respondent violated this Disciplinary Rule. [B] requested the re-

turn of her file on March 29, 1980. Respondent did not return the file until July 17, 1980, after he was contacted by the Office of Disciplinary Counsel.

## CONCLUSION OF LAW

(1) Respondent violated D.R. 6-101(A)(3) dealing with neglect in both the [A] and the [B] matters.

(2) Respondent violated D.R. 2-110(A)(3) dealing with failing to promptly refund an unearned fee in the [B] case.

(3) Respondent violated D.R. 9-102(B)(4) dealing with failing to promptly return a file in the [B] case.

(4) Respondent did not violate D.R. 1-102(A)(4), D.R. 1-102(A)(6), D.R. 7-101(A)(1), or D.R. 7-102(A)(5).

## RECOMMENDATION

The committee recommends that respondent be disciplined by private reprimand by the board.

The committee is of the feeling that respondent was neglectful and dilatory in regard to pursuing his client's cases. However, there was no evidence of any fraud, deceit or misrepresentation.

The committee has reviewed the evidence presented by the Office of the Disciplinary Counsel concerning the prior informal admonition by the counsel's office which took place in the same time frame as the two charges in the case. We agree with the Disciplinary Counsel that respondent did not appear to have benefited by these informal admonitions and something more severe is now required: to wit, formal reprimand by the board. We do not agree with the Disciplinary Counsel that public censure is justified.

The committee was impressed by respondent's very pressing personal problems, a most serious illness of his wife, cancer of the lymph glands, topped by a divorce. His wife during this period was hospitalized in [ ] and [ ] for extended periods. The Committee took into consideration that respondent served on the school board, a non-paying public position, and his relatively young years.

The cases cited by the Disciplinary Counsel have been read and considered by the Committee, and found to be helpful but not controlling: In re Anonymous, No. 35 D.B. 76, 4 D & C. 3d 780 (1977). Respondent delayed a matter in excess of ten years and presented no mitigating evidence commensurate with respondent's in this case: In re Anonymous No. 1 D.B. 76, 4 D & C. 3d 792 (1977), the respondent was guilty of misrepresentation.

## ORDER

HENRY, *Chairman,* And now, February 13, 1981, the report and recommendation of the hearing committee [ ] dated December 10, 1980, is accepted; and it is ordered and decreed, that the said [Respondent] of [ ] County, be subjected to private reprimand by the Disciplinary Board of the Supreme Court of Pennsylvania as provided in Pa.R.D.E. 204(5) at the next session of this board.

Respondent is directed to provide the board by March 18, 1981 with a list of all matters involving private clients being handled by him as of March 11, 1981 indicating the nature of each matter and its status, the name and address of any client or former client known by respondent to have made any complaint against him on account of any alleged error or omission, and shall be prepared to discuss these matters at the time of the private reprimand.